UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

YORDANIS A CAMPBELL AGRAMONTE   CASE NO.  1:26-CV-01165 SEC P
#A213-401-044

VERSUS                          JUDGE JAMES D. CAIN, JR.

WARDEN WINN CORRECTIONAL CENTER   MAGISTRATE JUDGE HORNSBY
DETENTION FACILITY ET AL

**MEMORANDUM ORDER**

Before the court is a Motion to Prevent Transfer [doc. 2] filed by Geoel Varona Agramonte, as next friend of petitioner Yordanis Campbell Agramonte, a native of Cuba who is in ICE custody at Winn Correctional Center in Winnfield, Louisiana. Through the motion, which the court construes as a request for a temporary restraining order, the petitioner requests that the court restrain respondent from transferring him during the pendency of his habeas proceedings.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's

discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner cannot satisfy the second factor under his request by showing a substantial threat of irreparable injury. The court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. *Pena Ramirez v. Noem*, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014)). Petitioner fails to show how remaining in detention in Louisiana assists him in communicating with his next friend, who is located in Kentucky. Additionally, the court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition. The Motion [doc. 2] is therefore **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 15th day of April, 2026.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**